## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-Civ-23364-COOKE/TURNOFF

MPS ENTERTAINMENT, LLC, and
MICHAEL P. SORRENTINO,

      Plaintiffs

v.

HEADRUSH APPAREL, INC.,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me upon Defendant's, Headrush Apparel, Inc. ("HAI"), Motion to Dismiss First Amended Complaint. ECF No. 40. HAI also filed a "Notice of Filing Declaration and Supplemental Declaration of William Enny" in support of its Motion. ECF No. 41. Plaintiffs, MPS Entertainment, LLC ("MPS") and Michael P. Sorrentino, filed a Response to the Motion. ECF No. 45. Defendant filed a Reply. ECF No. 46. I have reviewed the arguments, Defendant's declarations, the record, and the relevant legal authorities. As explained in this order, Defendant's Motion is granted.

### I.  BACKGROUND

In his First Amended Complaint, Plaintiff, Michael Sorrentino, alleges that he is a celebrity.[1] First Am. Compl. ¶ 8, ECF No. 27. Plaintiff, MPS, allegedly is a New Jersey limited liability company that was formed in 2009 and that purports to have two principal places of business – Miami, Florida, and Freehold, New Jersey. *Id*. at ¶ 2. According to Plaintiffs, "MPS is owned and controlled by Sorrentino, [and is] engaged in the business of developing, marketing and distributing

---

[1] Plaintiff, Michael "The Situation" Sorrentino, alleges that he is "an internationally known TV star who has appeared as one of the stars on the MTV show 'Jersey Shore' . . .," among other television programs. First Am. Compl. ¶ 3.

goods and services under the trademarks and products developed or endorsed by Sorrentino." *Id*. Defendant, HAI, is a New York corporation with its principal place of business in Queensbury, Warrant County, New York.  Enny Decl. ¶ 2, Notice, Ex. 1.

According to Plaintiffs, MPS entered into a May 6, 2011 agreement with HAI.  First Am. Compl. ¶ 5.  The terms of the May 6, 2011 Agreement, however, state that it was entered into by MPS and "Head Rush Brand."[2]  May 6, 2011 Agreement, Resp. to Mot. to Dismiss, Ex. D.  It appears that the May 6, 2011 Agreement was executed on behalf of Head Rush Brand by its alleged Vice President for Operations, Mike LeBlanc.  Plaintiffs allege that the May 6, 2011 Agreement was amended on February 1, 2012.  First Am. Compl. ¶ 5.  The February 1, 2012 Agreement, however, does not refer to the May 6, 2011 Agreement, nor does it appear to amend it.  February 1, 2012 Agreement 11-15, Notice of Removal Ex. 1.[3]  The February 1, 2012 Agreement apparently was entered into by "Headrush Brand" and MPS.  *Id*.  The copy of the February 1, 2012 Agreement that was attached to the Notice of Removal does not show that it was executed by anyone representing Headrush Brand.  Both the May 6, 2011 and February 1, 2012 Agreements have a forum selection clause that states:

> In the event of a suit to enforce or interpret this agreement, exclusive venue and jurisdiction shall be conferred in the courts in Miami-Dade County Florida.

Plaintiffs further allege that the May 6, 2011 and February 1, 2012 Agreements were orally modified at an unidentified time and place (the "Oral Agreement").  First Am. Compl. ¶ 10. Plaintiffs also allege that Defendant:

(1)      breached the Oral Agreement by failing to deliver a motorcycle valued at $100,000

---

[2] Although Plaintiffs allege that the May 6, 2011 Agreement was attached to the Complaint as Exhibit A, First Am. Compl. ¶ 5, Exhibit A to the Complaint is not the May 6, 2011 Agreement.  The May 6, 2011 Agreement was attached as Exhibit D to Plaintiffs' Response to the Motion.

[3] Although Plaintiffs allege that the February 1, 2012 Agreement was attached to the Complaint as Exhibit B, First Am. Compl. ¶ 5, Exhibit B to the Complaint is not the February 1, 2012 Agreement.  The February 1, 2012 Agreement was attached as "Exhibit A Exhibit B" to the original complaint filed in the Eleventh Judicial Circuit, in and for Miami-Dade County, and is attached to Defendant's Notice of Removal.

to Sorrentino in New Jersey, First Am. Compl. ¶¶ 11; 24(A);

 (2) breached the May 6, 2011 and February 1, 2012 Agreements by failing to pay MPS $6,250, which allegedly remains outstanding, *Id*. at ¶ 14;

 (3) breached the May 6, 2011 Agreement, the February 1, 2012 Agreement, and, apparently, the Oral Agreement, by failing to pay MPS or Sorrentino $130,000 in consideration for Sorrentino having personally appeared on February 14, 2012 at the Tropicana Hotel in Las Vegas, and on February 12 and 13, 2012, at The Magic Convention in Las Vegas at the Head Rush sales booth. *Id*. at ¶¶ 15; 24(B);

 (4) breached the May 6, 2011 and February 1, 2012 Agreements by failing to "[p]ay $250,000 to MPS for the first year" of these Agreements, and failing to "[p]ay the sum of $250,000 to MPS upon notice that [Defendant] had extended the term of [the Agreements] for a second year commencing in or about May, 2012, or in accordance [with these Agreements]." *Id*. at ¶ 18(B); and

 (5) breached the Oral Agreement by failing to [p]ay Sorrentino the sum of $250,000 for the promotional work done in connection with Jersey Shore season six (6)." *Id*. at ¶ 24(C).

In addition to counts for breach of the Agreements (Count I) and breaches of the Oral Agreement (Count II), Plaintiffs assert causes of action for promissory estoppel (Count III), unfair competition and False Designation of Origin pursuant to 15 U.S.C. § 1125(a) (Count IV); Unfair Competition pursuant to §§495.131, 151, Florida Statutes (Count V); "common law" trademark infringement (Count VI); and unauthorized publication of name and likeness pursuant to § 540.08, Florida Statutes (Count VII). First Am. Compl. ¶¶ 29-45.

 Defendant moves to dismiss the Complaint for (i) lack of personal jurisdiction; (ii) insufficient process and service of process; and (iii) improper venue. In the alternative, pursuant to 28 U.S.C. § 1404(a), Defendant requests that I transfer this case to the Northern District of New York, which is the district where Defendant's principal place of business is located. Mot. to

Dismiss 1.

## II.   LEGAL STANDARD

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the burden of making out a prima facie case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). If the plaintiff meets this burden, the defendant then must "raise . . . through affidavits, documents or testimony a meritorious challenge to personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (quotation marks omitted). If the defendant provides sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by *affidavits, testimony or documents*." *Thomas v. Brown*, 504 Fed. Appx. 845, 847 (11th Cir. 2013) (affirming dismissal of complaint for lack of personal jurisdiction ) (quotation omitted) (emphasis added). A district court needs only accept the complaint's allegations as true to the extent that they are not directly controverted by the defendant's evidence. *Cable/Home Comm'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F. 2d 489, 492 (11th Cir. 1988) and *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). If the evidence submitted by the parties conflict, a district court "must construe all reasonable inferences in the plaintiff's favor." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

## III.   ANALYSIS

### A. The Forum Selection Clauses Are Not Sufficient, Standing Alone, to Confer Personal Jurisdiction Over HAI

Before analyzing whether HAI has sufficient contacts with this jurisdiction pursuant to Florida's long-arm statute, I address the impact on my jurisdictional analysis, if any, of the forum selection clauses contained in the May 6, 2011 and February 1, 2012 Agreements. Plaintiffs allege

that I have jurisdiction over HAI, in part, because of these forum selection clauses.[4]  First Am. Compl. ¶ 5.  In support of this position, in their Response, Plaintiffs contend that "HAI immediately became a company with 'Florida operations' when it entered into contractual agreements with Plaintiffs that stated that 'in the event of a suit to enforce or interpret the agreement, exclusive venue and jurisdiction shall be conferred in the courts in Miami-Dade County Florida.'"  Resp. to Mot. to Dismiss 6.  Plaintiffs also allege that "[s]pecific jurisdiction is warranted because HAI entered into contractual agreements with Plaintiffs that stated that 'in the event of a suit to enforce or interpret the agreement, exclusive venue and jurisdiction shall be conferred in the courts in Miami-Dade County Florida.'"  *Id.* at 7.  Finally, Plaintiffs contends that "[a]t a minimum, the fact that HAI agreed to be bound by the courts in Miami-Dade County should persuade this Court to deny HAI's Motion to Dismiss."  *Id.* at 8.

Even assuming that the May 6, 2011 and February 1, 2012 Agreements are valid and enforceable, the forum selection clauses contained therein are not sufficient, by themselves, to confer personal jurisdiction over HAI: an independent basis for personal jurisdiction is required. *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 544 (Fla. 1987); *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007) (dismissing complaint for lack of personal jurisdiction and finding that "under the Florida long-arm statute, a forum selection clause as a matter of Florida law is insufficient in and of itself to confer personal jurisdiction over a non-resident defendant."). Accordingly, Plaintiffs' reliance on the forum selection clauses as a means of conferring personal jurisdiction over HAI is misplaced.  An independent basis for jurisdiction under Florida's long-arm statute is required.

---

[4] HAI alleges that Mike LeBlanc, who executed the May 6, 2011 agreement as the "VP of Operations of Head Rush Brand," "is not affiliated with HAI," that he "is not an officer, shareholder, or employee of HAI," and that he "never had any authority, express or otherwise, to bind HAI in any contracts."  Enny Decl. ¶ 5.  For purposes of this jurisdictional analysis, I assume that the May 6, 2011 and February 1, 2012 agreements were valid and I do not need to rely on HAI's contention that LeBlanc purportedly did not have authority to bind HAI.

**B.  Plaintiffs Have Failed To Make a Prima Facie Case for Jurisdiction Over HAI**

Pursuant to Eleventh Circuit precedent, I must consider two questions in resolving whether this Court has personal jurisdiction over HAI:

> First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute.  Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  The Due Process Clause requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.

*Melgarejo v. Pycsa Panama, S.A.*, No. 12–14858, 2013 WL 5183755, at * 6 (11th Cir. Sept. 17, 2013) (affirming dismissal of complaint for lack of personal jurisdiction) (internal citations and quotations omitted).  I will consider these questions in turn.

**1.  Florida's Long-Arm Statute**

Although Plaintiffs fail to specifically cite to Florida's long-arm statute in their Complaint, the parties agree that I may only exercise personal jurisdiction over HAI to the extent permitted by Florida's long-arm statute.  Mot. to Dismiss 5; Resp. to Mot. to Dismiss 6; *see also Cable/Home Comm'n Corp.*, 902 F.2d at 855; *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890 (11th Cir. 1983).  Florida's long-arm statute must be strictly construed. *Fraser v. Smith*, 594 F.3d 842, 848 n.8 (11th Cir. 2010) ("Florida's long-arm statute is to be strictly construed because the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court.") (internal citations and quotations omitted).

**(a) Plaintiffs Have Not Shown That There Is General Jurisdiction Pursuant to Florida's Long-Arm Statute**

Section 48.193(2) of Florida's long-arm statute states: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the

claim arises from that activity." The Eleventh Circuit has held that "[t]he reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment" and that a district court, with respect to analyzing general jurisdiction pursuant to Florida's long-arm statute, "need only determine whether the district court's exercise of jurisdiction over [the defendant] would exceed constitutional bounds." *Fraser*, 594 F.3d at 846 (internal citations and quotations omitted).

In support of its Motion, HAI submitted the declaration of its President, William Enny, who testified that "(i) HAI does not maintain any offices in the State of Florida"; (ii) "HAI does not employ any individuals in Florida"; (iii) "HAI does not maintain any bank accounts in Florida"; (iv) HAI "does not own any property in Florida"; (v) HAI "does not solicit business via television or radio in Florida"; and (vi) HAI does not store inventory or supplies in Florida." Enny Decl. ¶ 4.

In response, Plaintiffs failed to submit any evidence to rebut HAI's evidence and instead conclusorily allege that "[t]hrough the discovery process, Plaintiffs will be able to determine the true (far reaching extent) that HAI sold, marketed and promoted its products in the State of Florida." Resp. to Mot. 7. Plaintiffs further contend "[i]t would be improper for this Court to dismiss this action based on a lack of general jurisdiction prior to the receipt of such information, which will show that HAI operates, conducts, engages in and carries on its business in the State of Florida." *Id.*. As a preliminary matter, I note that Plaintiffs failed to move for leave to seek jurisdictional discovery, so their discussion of such discovery in their Response is procedurally defective. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (denying jurisdictional discovery where "UTC never formally moved the district court for jurisdictional discovery, but, instead, buried such requests in its briefs as a proposed alternative to dismissing APM on the state of the current record."). Jurisdictional discovery also "is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing a [sic]

personal jurisdiction." *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009).  In light of the fact that Plaintiffs did not submit *any* evidence to rebut the evidence submitted by HAI, and because Plaintiffs only engaged in formulaic recitations regarding the existence of general jurisdiction over HAI, I find that jurisdictional discovery is not warranted here even if it had been properly requested. *Zamora Radio, LLC v. Last.fm LTD.*, No. 09-20940, 2011 WL 2580401, at * 12 (S.D. Fla. Jun. 28, 2011) (denying request for jurisdictional discovery "in the absence of a 'genuine dispute' on a material jurisdictional fact.").

Plaintiffs also contend that "[g]eneral jurisdiction is warranted based on HAI's continuous activities [of] selling, marketing and promoting its products in the State of Florida."  Resp. to Mot. to Dismiss 7.  Such conclusory assertions are not sufficient to meet Plaintiffs' burden.  *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862, 2008 WL 516495, at * 9 (S.D. Fla. Feb. 25, 2008) (granting motions to dismiss for lack of personal jurisdiction and noting that "conclusory allegations do not satisfy [a] [p]laintiff's burden, which requires that [it] affirmatively support [its] allegations with evidence.").

It appears that Plaintiffs also argue that HAI's operation of a website constitutes sufficient activity with the State of Florida to support the finding of general jurisdiction over HAI.  Resp. to Mot. to Dismiss 5-6.  I disagree.  Florida's long-arm statute states that, in order to find general jurisdiction over a foreign entity, there must be a showing that the defendant engages in "substantial and not isolated activity," which means "continuous and systematic general business contact" with the state of Florida.  *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).  If such activity is found, then this requirement of "continuous and systematic general business contact" also satisfies the due process requirements of the U.S. Constitution.  *Id*. at 1318-19.

HAI's operation of a website is not, standing alone, a basis to confer general jurisdiction over HAI pursuant to § 48.193(2).  *See Vivant Pharms., LLC v. Clinical Formula, LLC*, No. 10-

21537, 2011 WL 1303218, at * 3 (S.D. Fla. Mar. 31, 2011) (finding that a website not directed at customers in Florida but available throughout the country to everyone who has access to the Internet was insufficient to give rise to personal jurisdiction); *see also In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 680 (2d Cir. 2013) (maintenance of interactive website that allowed account holders to manage their accounts was insufficient to support the exercise of general personal jurisdiction over foreign bank); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075-76 (9th Cir. 2011) ("[i]nteractive websites where a user can exchange information with the host computer are now extremely common.  If the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, the eventual demise of all restrictions on the personal jurisdiction of state courts would be the inevitable result.") (internal citations and quotations omitted); *Kason Indus., Inc. v. Dent Design Hardware, Ltd.*, No. 3:12-cv-171-TCB, 2013 WL 3333103, at * 7 (N.D. Ga. Jun. 7, 2013) (finding that, even if website in question was more interactive, it would not be sufficient to confer general jurisdiction over defendant pursuant to Georgia's long-arm statute)).  Accordingly, the mere operation of a website is sufficient to confer general jurisdiction over HAI.[5]

### (b) Plaintiffs Have Not Shown That There Is Specific Jurisdiction Pursuant to Florida's Long-Arm Statute

Although Plaintiffs' First Complaint and Response are far from clear, and although Plaintiffs also fail to cite to § 48.193(1), it appears that they contend that specific jurisdiction exists over HAI because, among other things, "Plaintiffs have properly claimed that HAI breached contractual agreements in Florida by failing to perform acts required by said agreements."  Resp. to Mot. to Dismiss 8.  Plaintiffs, however, fail to provide any specific example of any such breach.  Indeed, it is impossible to discern any substantive nexus between the alleged contractual obligations contained

---

[5] The unauthenticated reproduction of HAI's webpages also lack the evidentiary weight needed to effectively rebut the evidence submitted by HAI that there is no basis for a finding of general jurisdiction over it.  *ArrivalStar S.A. v. Axis Global Logistics*, No. 11-80585, 2012 WL 488192, at * 4 (S.D. Fla. Feb. 14, 2012).

in the May 6, 2011 Agreement, the February 1, 2012 Agreement, and the Oral Agreement and the State of Florida, besides the forum selection clauses discussed above. Specifically, Plaintiffs allege that HAI promised to deliver a $100,000 motorcycle to Sorrentino in *New Jersey*, but that HAI failed to do so in breach of the Oral Agreement. First Am. Compl. ¶ 11. There is no evidence, however, that such a contractual obligation had any nexus to Florida. Plaintiffs also allege that Sorrentino has not been paid for certain appearances that he made at certain promotional events in *Las Vegas, Nevada* in breach of the May 6, 2011 Agreement, the February 1, 2012 Agreement, and the Oral Agreement. First Am. Compl. ¶¶ 16-28. The May 6, 2011 and the February 1, 2012 Agreements and the Oral Agreement, however, are silent as to where payment is to be effectuated, where other contractual obligations are to be performed, and there is nothing in the record supporting the proposition that such payments had to be effectuated in Florida. "The long-arm statute must be strictly construed; therefore, any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." *Kreston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1353 n.2 (S.D. Fla. 2007).

Further Plaintiffs contend that personal jurisdiction over the New York-based HAI also would be proper because "[Plaintiff] *MPS* was registered as a Florida company at the time that all contractual agreements were entered into by the parties." Resp. to Mot. to Dismiss 7 (emphasis added). As a preliminary matter, Plaintiffs allege in their First Complaint that MPS "is and at all times mentioned herein was, a limited liability company organized and existing under the law of the State of New Jersey . . ." More importantly, MPS's purported registration in Florida, *per se*, does not change my jurisdictional analysis. *Purcell v. Ginn Development Co., LLC*, 2009 WL 856636, at * 2 (M.D. Fla. Mar. 30, 2009).

Accordingly, I find that Plaintiffs have failed to meet their burden of demonstrating any basis for specific jurisdiction over HAI pursuant to Florida's long-arm statute.

10

### 2.   Dismissal of the First Amended Complaint for Lack of Personal Jurisdiction is Appropriate

Since I find that Plaintiffs have not met their burden of making a prima facie showing that HAI is subject to either general or specific jurisdiction pursuant to Florida's long-arm statute, I do not need to address whether finding jurisdiction over HAI would be constitutional. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.").[6]   Accordingly, dismissal of the First Amended Complaint for lack of personal jurisdiction is appropriate.

### C.  Alternative Grounds for Dismissal and Transfer

Since I have found that this Court lacks jurisdiction over HAI, I need not discuss HAI's sufficiency of process or venue objections at this time. *Immobleria Barcanona, CIA, LTDA v. Citibank, N.A.*, 634 F. Supp. 782, 784 (S.D. Fla. 1986) (declining to reach sufficiency of process challenge where it found that it did not have personal jurisdiction over defendant); *Cold Smoke Capital, LLC v. Gross*, No. 1:11-cv-3558, 2012 WL 3612626, at * 7 (N.D. Ga. Aug. 21, 2012) (same); *Marival, Inc. v. Planes, Inc.*, 302 F. Supp. 201, 211 (N.D. Ga. 1969) ("[b]ecause of our disposition of the in personam issue, venue need not be considered.").[7]

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss First Amended Complaint, ECF No. 40, is **GRANTED**.

---

[6] Although Plaintiffs assert other Florida and federal causes of action in their First Amended Complaint (Counts III through VII), they fail to explain the significance of these counts, if any, to the present jurisdictional analysis.  I do not need to develop these arguments for Plaintiffs. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties."); *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (a litigant "cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions") (citation omitted).

[7] I also need not discuss HAI's alternative request of relief that I transfer this case to the Northern District of New York pursuant to 28 U.S.C. § 1404.

2.  Plaintiffs First Amended Complaint, ECF No. 27, is **DISMISSED** without prejudice to refile in a proper forum.

3.  The Clerk is directed to **CLOSE** this case.

4.  All pending motions, if any, are **DENIED** as moot.

**DONE and ORDERED** in chambers at Miami, Florida, this 30th day of September 2013.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*